UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SIGNOR LUCAS, JR.,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-24-3004 |
| **FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM OPINION**

Plaintiff Signor Lucas, Jr., initiated the above-captioned action on October 16, 2024, against Defendant Federal Motor Carrier Safety Administration (FMCSA) alleging defamation, slander, and a violation of the Fifth Amendment to the United States Constitution, U.S. Const. amend V, and seeking $400,000 in damages. ECF No. 1. Pending before the Court is the FMCSA's motion to dismiss (ECF No. 18), which is fully briefed (ECF Nos. 21–22).[1] No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the motion is granted.

**I.      BACKGROUND**

Mr. Lucas's claims arise from allegedly false information regarding Mr. Lucas's driving record that is contained in a report prepared by the FMCSA.

**A.      Relevant Statutory Framework**

Congress established the FMCSA as an administration of the United States Department of Transportation through enactment of the Motor Carrier Safety Improvement Act of 1999, Pub. L.

---

[1] Mr. Lucas attempted to file two additional responses to the pending motion, one of which was returned. ECF Nos. 23–24. The Court has not considered either filing in rendering a decision on this motion, as they are unapproved surreplies. Local Rule 105.2(a) (D. Md. 2023) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed.").

No. 106-159, 86 Stat. 1249-1250.  49 U.S.C. § 113(a).  The FMCSA has statutorily defined duties designed to further "the highest degree of safety in motor carrier transportation." 49 U.S.C. § 113(b); *see also* Privacy Act of 1974; Department of Transportation, Federal Motor Carrier Safety Administration (FMCSA) 007 Pre-Employment Screening Program (PSP System of Records Notice), 77 Fed. Reg. 42,548, 42,549 (July 19, 2012) ("The FMCSA's primary mission is to prevent commercial motor vehicle-related fatalities and injuries.").

"To fulfill [this] mandate . . . the [FMCSA] . . . maintains the Motor Carrier Management Information System [(MCMIS)], a database of commercial truck drivers' safety records." *Owner-Operator Indep. Drivers Ass'n, Inc.* v. *United States Dep't of Transportation*, 879 F.3d 339, 340-341 (D.C. Cir. 2018) (citing 49 U.S.C. § 113).  "The MCMIS contains a wide range of information on commercial drivers, including crash reports and records of roadside inspections." *Mowrer* v. *United States Dep't of Transportation*, 14 F.4th 723, 726 (D.C. Cir. 2021); *see also* Privacy Act of 1974; Department of Transportation, Federal Motor Carrier Safety Administration; DOT/FMCSA 001Motor Carrier Management Information System (MCMIS) System of Records (MCMIS System of Records Update), 78 Fed. Reg. 59,082-01, 59,083 (Sept. 25, 2013) (identifying the categories of records within MCMIS).  Crash data in MCMIS are "collected from state and local police crash reports."  MCMIS System of Records Update, 78 Fed. Reg. at 59,083.  Driver and vehicle safety violations and inspection data are collected "during roadside inspections of drivers and vehicles."  *Id.*

In 2005, Congress enacted the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users (the SAFETEA-LU Act), Pub. L. No. 109-59, Sec. 4117, 119 Stat. 1144, 1728-1729, which, among other things, directs the FMCSA to provide electronic access to reports regarding accidents, inspections, and serious driver-related safety violations to motor carrier industry pre-employment screeners.  *Mowrer*, 14 F.4th at 726; 49 U.S.C.

§ 31150(a).  The FMSCA "implemented this direction by creating the Pre-Employment Screening Program (PSP)," *Mowrer*, 14 F.4th at 726-727, "which provides employers with reports containing crash data from the previous five years and inspection data from the previous three," *Owner-Operator Indep. Drivers Ass'n, Inc.*, 879 F.3d at 341; *see also* PSP System of Records Notice, 77 Fed. Reg. at 42,549.  According to the FMCSA, "making this driver data available to potential employers and [drivers] will improve the quality of safety data and help employers make more informed decisions when hiring commercial drivers."  PSP System of Records Notice, 77 Fed. Reg. at 42,549.

   The SAFETEA-LU Act further directs the FMCSA to "provide a procedure for [drivers] to correct inaccurate information."  49 U.S.C.A. § 31150(b)(4).  In fulfillment of this mandate, the FMSCA "created a system called DataQs, which allows drivers to challenge information in their PSP reports," *Mowrer*, 14 F.4th at 727, including "crashes, inspections, registration, operating authority, safety audits and enforcement actions," PSP System of Records Notice, 77 Fed. Reg. at 42,551.  "DataQs forwards challenges to the state that submitted the contested information, and *the state then decides* whether to modify or remove it."  *Mowrer*, 14 F.4th at 727 (emphasis added).  The FMCSA "is not authorized to direct a State to change or alter MCMIS data for violations or inspections originating within a particular State."  PSP System of Records Notice, 77 Fed. Reg. at 42,551.  The FMCSA considers a State's "determination on the validity of a challenge" to be "the final resolution of the challenge."  *Id.*  The FMCSA "cannot change State records without State consent."  *Id.*

B.      **Factual Background**[2]

Mr. Lucas is a truck driver with 35 years of experience who alleges he has not been able to find employment as a commercial driver because of the "defaming and slanderous statements on [ ]his PSP report." ECF Nos. 1 at 6; 21 at 3.[3] Specifically, Mr. Lucas alleges that "[f]or nearly two years" he "can not find work any where because of this PSP report." ECF No. 1 at 6.

The PSP report Mr. Lucas filed with the Court reflects that Mr. Lucas was not involved in any crashes and was subject to four driver inspections, one driver out-of-service inspection, and two vehicle inspections. ECF 4-1 at 1. The PSP report lists four roadside inspections occurring in Indiana, Utah, Florida, and Georgia, with several reported driver-vehicle violations. *Id.* at 1-2. Mr. Lucas alleges that one of the safety violations reported in Florida on August 23, 2022, and all

---

[2] This factual summary is drawn from the allegations in the Complaint (ECF No. 1), which are accepted as true for the purposes of deciding this motion, as well as documents that are integral to the Complaint and authentic. *Goines* v. *Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016); *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The Court has included in this factual summary reference to Mr. Lucas's Pre-Employment Screening Program (PSP) report (ECF No. 4-1) because the information in this report gives rise to Mr. Lucas's asserted claims and the FMCSA does not contest its authenticity. ECF Nos. 1 at 6; 18-1 at 4.

The Court has also included in this summary additional factual allegations that Mr. Lucas included in his opposition to the pending motion to dismiss. ECF No. 21. Typically, a "plaintiff 'is bound by the allegations contained in [the] complaint and cannot, through the use of motion briefs, amend the complaint.'" *McDonald* v. *LG Elecs. USA, Inc.*, 219 F. Supp. 3d 533, 541 (D. Md. 2016) (quoting *Zachair, Ltd.* v. *Driggs*, 965 F. Supp. 741, 748 (D. Md. 1997), *aff'd,* 141 F.3d 1162 (4th Cir. 1998)). Nevertheless, consistent with the principle that *pro se* filings are to be construed liberally, this Court has considered additional allegations raised in opposition to a motion to dismiss. *E.g., Lewis* v. *United States*, Civil Action No. DKC-22-2899, 2024 WL 895112, at *2 (D. Md. Feb. 29, 2024); *Gough* v. *Bankers Life & Cas. Co.*, Civil Action No. PJM 17-2341, 2019 WL 585715, at *2 (D. Md. Feb. 12, 2019), *aff'd*, 781 Fed. Appx. 251 (4th Cir. 2019); *but see N'jai* v. *Boyd*, Civil Action No. JRR-24-2068, 2024 WL 4651029, at *5 n.7 (D. Md. Nov. 1, 2024).

[3] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

4

three safety violations reported in Georgia on November 11, 2022, were wrongfully included in the PSP report. ECF No. 4-1 at 2.

Mr. Lucas alleges that he contacted the FMCSA to "ask why [it] was reporting [ ] false information." ECF No. 21 at 1. Specifically, Mr. Lucas alleges that some of the violations were dismissed in court, and that he never received citations for other violations. *Id.* The FMCSA told Mr. Lucas to submit court documents reflecting the outcome of the violations, which he believes he did. *Id.* Mr. Lucas further alleges that he "went back and forth with the representative at the FMCSA with nothing being resolved." *Id.* at 2. Mr. Lucas asked the FMCSA to remove a false report on his PSP report "but they said [he] had to get the person who put it on there to remove it." *Id.* Mr. Lucas asked the FMCSA where the derogatory information came from, but the FMCSA could not tell him and "seemed not to even care" that Mr. Lucas did not know the origin of the information. *Id.* Mr. Lucas contends that "[e]very place [he] applied to for a job said they had no problem with [his] driving record but they would tell [him] that it was because of this PSP report and so called violations on it." ECF No. 1 at 6. As a result, Mr. Lucas has incurred credit card and other debt, tax liabilities, and lost wages in excess of $400,000."[4] *Id.* at 7. Mr. Lucas subsequently filed this lawsuit in which he alleges defamation, slander, and an unspecified violation of the Fifth Amendment to the United States Constitution. ECF No. 1 at 4, 6.

## II.  DISCUSSION

Mr. Lucas, who is self-represented, does not identify a cause of action in his Complaint. ECF No. 1. The Court, however, has "duty to construe *pro se* filings liberally." *Justus* v. *Clarke*, 78 F.4th 97, 111 (4th Cir. 2023), *cert. denied sub nom.*, 144 S. Ct. 1096 (2024). This liberal

---

[4] In his Complaint, Mr. Lucas identifies the amount in controversy as $400,000 and separately itemizes $560,000 in damages. ECF No. 1 at 5, 7.

construction "allow[s] for the development of a potentially meritorious case," *Cage* v. *NASA Goddard Space Flight Ctr.*, Civil Action No. PX-18-3355, 2019 WL 3841928, at *3 (D. Md. Aug. 14, 2019), but it does not transform the Court into an advocate, *Thurman* v. *Robinson*, 51 F.3d 268 (Table); 1995 WL 133350, at *3 (4th Cir. 1995). A court will therefore "read a *pro se* pleading to state a claim if possible from the facts, but it will not rewrite the complaint to include claims that were never presented." *Lewis* v. *United States*, Civil Action No. DKC-21-2387, 2022 WL 3716544, at *2 (D. Md. Aug. 29, 2022) (internal quotation marks and citation omitted). And the Court "cannot ignore a clear failure to allege facts setting forth a cognizable claim." *Cage*, 2019 WL 3841928, at *3.

In the section of the Complaint that outlines the basis for the Court's jurisdiction, Mr. Lucas selected federal question jurisdiction and listed "Pre-Employment Screening (PSP) Report" and the Fifth Amendment. ECF No. 1 at 4. There is not a statutory private right of action available to enforce the accuracy of the information in a PSP report. As one United States Circuit Court of Appeals has explained, "Congress chose to protect truck drivers by requiring the [FMCSA] to ensure the accuracy of [its] information, not by giving them a right of action to independently enforce that obligation." *Owner-Operator Indep. Drivers Ass'n, Inc.*, 879 F.3d at 345. The relevant statute "creates no right on the part of the drivers to police their records."[5] *Id.*

In the statement of his claim, Mr. Lucas alleges that his PSP report contained "defaming and slanderous statements." ECF No. 1 at 6. The Court liberally construes this allegation as arising under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, which is the exclusive remedy for tort claims against the United States. 28 U.S.C. §§ 2674, 2679(a)-(b); *E.g.*,

---

[5] A claim for damages based on inaccurate information in a PSP report is likewise unactionable under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq. Mowrer*, 14 F.4th at 732 (affirming dismissal of drivers' claims for damages under the Fair Credit Reporting Act because "the government did not become a 'consumer reporting agency' . . . through its administration of the MCMIS database and the PSP disclosure program").

*Warns* v. *Simms*, Civil Action No. ELH-19-919, 2019 WL 5626120, at *3 (D. Md. Oct. 30, 2019) (construing allegations that the defendant made "false statements to the police" about plaintiff as asserting an FTCA claim); *Young* v. *United States*, Civil Action No. RDB 08-3349, 2009 WL 2170068, at *1 (D. Md. July 20, 2009) (construing a *pro se* allegation of defamation as an FTCA claim). The Court liberally construes Mr. Lucas's invocation of the Fifth Amendment as asserting a constitutional claim pursuant to *Bivens* v. *Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which established a cause of action for monetary damages against federal officials acting in their individual capacities to redress alleged federal constitutional violations. *E.g.*, *Williams* v. *United States*, Civil Action No. DKC-21-537, 2021 WL 1720230, at *2 (D. Md. Apr. 30, 2021) (construing alleged constitutional violations as asserting a *Bivens* claim); *Cage*, 2019 WL 3841928, at *4 (same).

      The FMCSA moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) based on a lack of subject matter jurisdiction. ECF No. 18. The FMCSA contends that Mr. Lucas's claims fail for multiple reasons. First, the FMCSA argues that with respect to Mr. Lucas's FTCA claim: (1) he did not name the proper defendant; (2) he did not allege the exhaustion of the administrative requirements for filing under the FTCA; (3) slander and defamation claims are excluded from the FTCA's limited waiver of sovereign immunity; and (4) his constitutional claim is not cognizable under the FTCA. ECF No. 18-1 at 7–8. Second, the FMCSA argues that Mr. Lucas's *Bivens* claim fails because such suits are authorized only against individual federal officials, not federal agencies. *Id.* at 8. In his opposition, Mr. Lucas provides additional factual allegations but does respond to the substance of the FMCSA's jurisdictional arguments. ECF No. 21. The applicable standard of review and each of the FMCSA's arguments are addressed in turn below.

### A. Standard of Review

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute . . . , which is not to be expanded by judicial decree." *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *see also Strawn* v. *AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) ("We begin with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations."). Therefore, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Home Buyers Warranty Corp.* v. *Hanna*, 750 F.3d 427, 432 (4th Cir. 2014); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The limited jurisdiction of federal courts places the burden on the party asserting a claim to allege—and, when challenged, establish—the court's subject matter jurisdiction over the pending claim. *Home Buyers Warranty Corp.*, 750 F.3d at 432.

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of subject matter jurisdiction challenges, those that "attack the complaint on its face" and those that "attack the existence of subject matter jurisdiction in fact." *Mortensen* v. *First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When presented with a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns* v. *United States*, 585 F.3d 187, 192 (4th Cir. 2009). Thus, the plaintiff that faces a facial challenge to subject matter jurisdiction "is afforded the same procedural protection as . . . under a Rule 12(b)(6) consideration." *Adams* v. *Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A factual challenge, however, permits the court to

"go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id.* Here, the United States has raised a facial challenge to subject matter jurisdiction. ECF No. 18-1 at 5–8. Accordingly, the Court assesses the sufficiency of the allegations in the Complaint, which are presumed to be true.

### B. FTCA Claim

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." *United States* v. *Dalm*, 494 U.S. 596, 608 (1990) (internal quotation marks and citation omitted); *Webb* v. *United States*, 66 F.3d 691, 693 (4th Cir. 1995). A sovereign immunity waiver "must be unequivocally expressed in statutory text" and it will "be strictly construed, in terms of its scope, in favor of the sovereign." *Lane* v. *Pena*, 518 U.S. 187, 192 (1996); *Welch* v. *United States*, 409 F.3d 646, 650-651 (4th Cir. 2005). Accordingly, any ambiguities must be construed in favor of immunity and exceptions to the conditions upon which the United States consents to be sued will not be implied. *United States* v. *Williams*, 514 U.S. 527, 531 (1995); *Lehman* v. *Nakshian*, 453 U.S. 156, 161 (1981).

The FTCA provides, in pertinent part, that the "United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Thus, the "FTCA effects a limited waiver of the United States' sovereign immunity for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Welch*, 409 F.3d at 651 (quoting 28 U.S.C. § 1346(b)(1)). The United States cannot "be sued in tort except as permitted by the FTCA." *Hart* v. *Casey*, Civil Action No. GJH-22-1216, 2022 WL 17989577, at *2 (D. Md. Dec. 28, 2022).

1.   Naming the Proper Defendant

"FTCA claims may only be brought against the United States, not its agencies or employees." *Lewis* v. *United States*, Civil Action No. DKC-22-2899, 2024 WL 895112, at *2 (D. Md. Feb. 29, 2024) (citing 28 U.S.C. §§ 2671, 2679(a)-(b)(1)). An FTCA claim brought against a defendant other than the United States is subject to dismissal for lack of subject matter jurisdiction. *Harden* v. *Smythe*, Civil Action No. BAH-24-2018, 2024 WL 4826365, at *4 (D. Md. Nov. 19, 2024). When an FTCA claim is filed against a party other than the United States, the Court may dismiss the action against the improper defendant and substitute the proper defendant. *E.g.*, *Haughton* v. *United States Dep't of Homeland Sec.*, Civil Action No. LKG-20-3189, 2021 WL 5989210, at *6 (D. Md. Dec. 17, 2021). Such action is particularly appropriate when a plaintiff is self-represented. *E.g.*, *Cage*, 2019 WL 3841928, at *4 n.1 (viewing the claim as being brought against the United States even though it was filed against a federal agency due to the plaintiff's *pro se* status). Here, Mr. Lucas filed suit against the FMCSA, not the United States. Because this procedural defect may be remedied by substitution of the United States for the federal agency, standing alone it does not supply a basis for dismissal.

2.   Exhaustion of Administrative Remedies

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil* v. *United States*, 508 U.S. 106, 113 (1993). "This administrative exhaustion requirement contains three elements," each of which is jurisdictional. *Estate of Van Emburgh by & through Van Emburgh* v. *United States*, 95 F.4th 795, 801 (4th Cir. 2024).

> First, a plaintiff must "present [their] claim to the appropriate Federal agency[.]" Second, when a plaintiff presents their claim to the agency, the plaintiff must state the sum they are seeking for their claim. Third, the plaintiff must wait either for the claim to be "finally denied by the agency" or for the agency to fail "to make final disposition of [the] claim within six months after it is filed."

10

*Id.* (quoting 28 U.S.C. § 2675(a)-(b)) (alternations in original). Failure to satisfy these prerequisites to suit deprives the Court of subject matter jurisdiction over the FTCA claim. *McNeil*, 508 U.S. at 111-113; *Kielwien* v. *United States*, 540 F.2d 676, 679 (4th Cir. 1976).

Here, Mr. Lucas does not allege that he filed an administrative claim prior to filing suit. ECF Nos. 1, 21. Rather, Mr. Lucas alleges that he contacted the FMCSA to complain about his PSP report and that he "went back and forth" with an FMCSA representative. ECF No. 21 at 1–2. This exchange does not satisfy the FTCA's administrative exhaustion requirement. *E.g.*, *Harden*, 2024 WL 4826365, at *5 (ruling that *pro se* plaintiffs had failed to exhaust the FTCA's administrative remedies where they had "lodged several complaints" with some of the defendants but did not pursue a claim with a federal agency); *N'jai* v. *Boyd*, Civil Action No. JRR-24-2068, 2024 WL 4651029, at *1, 6 (D. Md. Nov. 1, 2024) (deciding that *pro se* plaintiff had failed to exhaust the FTCA's administrative remedies where she contacted the federal agency five times to complain but did not present an administrative claim). Mr. Lucas does not challenge the FMCSA's exhaustion argument or its assertion that it has not received an administrative claim from him. ECF No. 21. The FTCA's exhaustion requirement is not waivable. *Henderson* v. *United States*, 785 F.2d 121, 123 (4th Cir. 1986). Thus, the Court does not have authority to adjudicate this claim.

### 3. Intentional Torts Exception

Even if Mr. Lucas had alleged that he met the administrative exhaustion requirement, he cannot bring a slander or defamation claim under the FTCA. Congress excluded certain categories of claims from the FTCA, including a series of intentional torts. 28 U.S.C. § 2680. Thus, by statute, the United States is not liable for "[a]ny claim arising out of . . . libel, slander, misrepresentation, [or] deceit." 28 U.S.C. § 2680(h). As the Court of Appeals for the Fourth Circuit has explained, "liability for the tort of defamation—which includes libel and slander—

11

exists if there is '(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.'" *Talbert* v. *United States*, 932 F.2d 1064, 1066 (4th Cir. 1991) (quoting Restatement (Second) of Torts, § 558 (1977)).

*Talbert* involved allegations similar to those made by Mr. Lucas. There, the plaintiff alleged that the government had communicated untrue statements about him. 932 F.2d at 1066-1067. Regardless of whether this claim was construed as defamation or negligent record-keeping, the Fourth Circuit found that it was barred under the libel and slander exception to FTCA liability. *Id.* (collecting cases). This same is true here. *E.g.*, *Geroux* v. *United States*, Civil Action No. TJS-22-3107, 2023 WL 4867518, at *5 (D. Md. July 27, 2023) (dismissing FTCA claim based on allegedly false statements regarding plaintiff's professional behavior); *Doe* v. *United States ex rel. United States Dep't of Health & Hum. Servs.*, Civil Action No. TDC-14-1441, 2015 WL 1461236, at *5 (D. Md. Mar. 27, 2015), *aff'd sub nom.*, 610 Fed. Appx. 291 (4th Cir. 2015) (same regarding allegedly false information in plaintiff's personnel file); *see also Dibble* v. *United States*, Civil Action No. PX-22-2905, 2023 WL 4108265, at *2 (D. Md. June 21, 2023) ("The FTCA makes plain that such immunity is *not* waived for claims arising out of "libel" or "slander," which includes defamation.") (emphasis in original). Because the United States has not waived sovereign immunity for a defamation claim, the Court lacks subject matter jurisdiction.

    4.    <u>Constitutional Claim</u>

Mr. Lucas also asserts an unspecified violation of the Fifth Amendment to the United States Constitution. ECF No. 1 at 4. This claim is not cognizable under the FTCA but may be asserted as a *Bivens* claim. *Federal Deposit Ins. Corp.* v. *Meyer*, 510 U.S. 471, 477-478 (1994)

(an FTCA claim must allege "that the United States would be liable to the claimant as a private person in accordance with the law of the place where the act or omission occurred. . . . A constitutional tort claim . . . could not contain such an allegation.") (internal quotation marks omitted); *see also Carlson* v. *Green*, 446 U.S. 14, 20 (1980) (describing the FTCA and *Bivens* as "complementary causes of action"). Mr. Lucas's FTCA claim therefore must be dismissed.

      C.      ***Bivens* Claim**

In 1971, the Supreme Court decided *Bivens* v. *Six Unknown Named Agents of Federal Bureau of Narcotics* and held that an individual may bring a cause of action for damages against a federal official "acting under color of [ ] authority" based on a violation of the United States constitution. 403 U.S. at 389. *Bivens* involved a Fourth Amendment violation. "In the decade that followed, the Court recognized what has come to be called an implied cause of action in two cases involving other constitutional violations," one involving a Fifth Amendment gender discrimination claim and the other involving an Eighth Amendment medical treatment claim. *Ziglar* v. *Abbasi*, 582 U.S. 120, 131 (2017) (citing *Carlson*, 446 U.S. 14 and *Davis* v. *Passman*, 442 U.S. 228 (1979)). Subsequently, "the Court adopted a far more cautious course before finding implied causes of action," and "the *Bivens* remedy is now a disfavored judicial activity." *Ziglar*, 582 U.S. at 132, 135 (internal quotation marks and citation omitted). Indeed, as relevant here, the Supreme Court declined to extend *Bivens* liability from a federal official to a federal agency. *Meyer*, 510 U.S. at 486. "The Supreme Court has explained that permitting recovery against a federal agency would undermine the purpose of *Bivens*, which 'is to deter the *officer*,' and would implicate 'federal fiscal policy,' something that is better suited for Congress." *Goss* v. *United States*, Civil Action No. EA-24-406, 2024 WL 4135471, at *5 (D. Md. Sept. 10, 2024) (quoting *Meyer*, 510 U.S. at 485-486 (emphasis in original)).

13

Mr. Lucas's *Bivens* claim fails both because the Supreme Court has not recognized his unspecified Fifth Amendment claim as actionable under *Bivens* and because he has filed suit against a federal agency, as opposed to an individual federal official. *E.g.*, *Williams*, 2021 WL 1720230, at *3 ("Mr. Williams has not named any individual defendants and to the extent he seeks to hold agencies and offices responsible for the conduct of their employees, his claim is unavailing."); *accord Head* v. *United States*, Civil Action No. BAH-22-238, 2024 WL 520037, at *6 (D. Md. Feb. 9, 2024); *Straw* v. *United States Dep't of State*, Civil Action No. ELH-19-2294, 2020 WL 2490022, at *11 (D. Md. May 14, 2020), *aff'd sub nom.*, 813 Fed. Appx. 108 (4th Cir. 2020); *Cage*, 2019 WL 3841928, at *3.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 18) is granted and the Complaint (ECF No. 1) is dismissed. A separate Order follows.

Date: May 13, 2025

/s/
Erin Aslan
United States Magistrate Judge